**CHALWEST (HOLDINGS) LIMITED, Plaintiff–Appellant,**

v.

**Samuel L. ELLIS, Defendant–Appellee.**

**No. 89–6214.**

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1991.

Marc Rowin, New York City, Clark Mervis, Miami, Fla., for plaintiff-appellant.

Appeal from the United States District Court for the Southern District of Florida.

Before TJOFLAT, Chief Judge, and ANDERSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

■ Appellant seeks to overturn the district court's order granting summary judgment to appellee on the basis of lack of personal jurisdiction. Because precedents of this and other circuits indicate that the district court erred in its resolution, we reverse and remand to allow the jurisdictional facts to be established either at an evidentiary hearing or during trial.

Appellant is seeking damages for breach of contract. Diversity jurisdiction was alleged: Appellant is a British corporation; appellee is purported to be a citizen of Florida. Claiming that he was a domiciliary of Antigua, appellee moved to dismiss the complaint on the basis of Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction). Discovery relating to the domicile issue was conducted, and appellant filed its response to the motion to dismiss, also requesting an evidentiary hearing on the issue. The district judge granted the request for a hearing; the scheduled hearing was delayed at first because appellee claimed he had no money to travel to the United States and later due to the district court's absence. After the case was reassigned in the spring of 1989, the district court informed the parties that it would hold a status conference on the issue in September. This conference was cancelled by the court, and on October 24, 1989, the court issued an order of dismissal. Appellant's request for an evidentiary hearing was thus denied *sub silentio*.

The evidence uncovered during discovery is quite contradictory. Appellee claimed that he had not lived in the United States since the 1960's and had moved his permanent residence to Antigua in 1979. He introduced an Antiguan driver's license (updated each year since 1980), an Antiguan trading permit, and documents showing that he was registered with the U.S. consulate as a U.S. citizen permanently residing in Antigua. Appellee also claimed that he leased commercial space in St. John's, Antigua, and had maintained a bank account with an Antiguan Bank since 1980.

Appellant introduced significant evidence to the contrary. Appellee's U.S. passport showed no notation of permanent residency in Antigua and the passport contained short term Antiguan visas, which state that the holder will not engage in gainful occupation. Antiguan drivers' and trading licenses are issued regardless of residency. Between 1978 and the end of 1985, appellee's passport showed that he entered the United States on at least fifty separate occasions. More significantly, appellee rented an apartment in Key Biscayne, Florida, between October 1, 1985, and September 30, 1987, for $37,780. Appellee admitted residing in this apartment, but claimed that it was for less than 180 days per year. Appellee also admitted that he had access to the apartment since 1982, due to the good graces of a friend. A longtime acquaintance of appellee deposed that appellee had lived in the apartment since approximately June of 1982 and had spent over half of each year there. Appellee conducted significant business in Florida, serving as president, director, and shareholder of North South Atlantic, Inc., a for-profit Florida corporation chartered in March of 1982 and involuntarily dissolved in November of 1985. Appellee was also involved in the operations of a number of other Florida corporations during the 1970's and 80's.

Given this conflicting evidence, it is clear that the district court applied an improper standard in dismissing appellant's action for want of jurisdiction. According to the district court's order of October 24, 1989, "the burden is on the Plaintiff to demonstrate the existence of diversity by a preponderance of the evidence."[1] However, this court's precedents indicate that, in a motion to dismiss for want of jurisdiction decided without an evidentiary hearing, the plaintiff must only present a *prima facie* case of jurisdiction to defeat the motion where it is the defendant's domicile that is at issue. For example, *Morris v. SSE, Inc.*[2] held that "[i]n the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant."[3] The *Morris* court went on to hold that the plaintiff has established a prima facie case if the evidence would be sufficient to defeat a motion for a directed verdict. Where evidence presented by the parties conflicts, "the court must construe all reasonable inferences in favor of the non-movant plaintiff."[4]

█ The primary case relied upon by the district court does not address the standard applicable when an evidentiary hearing has not been held; it relates to a situation where evidence had been heard by the court during the course of a trial.[5] The other case cited by the district court, *Scoggins v. Pollock*,[6] concerned the plaintiff's domicile, not the defendant's. It is appropriate to impose a higher standard of proof on plaintiffs in such situations, as they are not forced to rely upon discovery in order to demonstrate their domicile.

The reason that the district court must use the low, prima facie burden of proof when it has not held an evidentiary hearing has been explained by the Ninth Circuit:

> Any greater burden—such as proof by a preponderance of the evidence—would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own

---

**1.** District Court Order, at 5.

**2.** 843 F.2d 489 (11th Cir.1988).

**3.** *Id.* at 492 (citing *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988)); *see also Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.) (where diversity jurisdiction challenged after discovery but prior to any hearing, "[i]f the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a prepon-

derance of the evidence."), *cert. denied,* —— U.S. ——, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

**4.** 843 F.2d at 492; *see also Cable Home/Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir.1990) (same).

**5.** *See Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir.), *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974).

**6.** 727 F.2d 1025, 1026 (11th Cir.1984).

**1014**

affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials. Accordingly, if a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.[7]

■ Therefore, if a district court does not conduct an evidentiary hearing on a jurisdictional motion to dismiss, the court must deny the motion if the plaintiff can present plausible evidence tending to show that the court has jurisdiction. If the issue is contested and there is conflicting evidence, the court must either deny the motion and postpone any further jurisdictional challenge until trial, or hold a preliminary evidentiary hearing.

It is clear that the district court in this case used too high a standard in dismissing appellant's claim without an evidentiary hearing. Therefore, this court reverses the district court's order of October 24, 1989, and remands the case for further factual development on the question of jurisdiction.

---

7. *Data Disc., Inc. v. Systems Technology Assocs.,* *Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977).