[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14717
Non-Argument Calendar

_____

D. C. Docket No. 04-00117-CV-CDL-4

JAMES M. GOODMAN,

Plaintiff-Appellant,

versus

NEW HORIZONS COMMUNITY SERVICE BOARD,
PERRY ALEXANDER,
DANA GLASS,
KUWONA INGRAM,
SHERMAN WHITFIELD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 12, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

James M. Goodman, an African-American male, appeals from the district court's dismissal of his employment discrimination suit against his former employer, the New Horizons Community Service Board, as well as four of the Board's individuals (collectively, "New Horizons") under Title VII, 42 U.S.C. § 1981 and 1983, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. First, Goodman argues that the district court erred in dismissing his case with prejudice, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, because he received "no clear written or verbal order/instruction from the court" warning him "of the reasons that his [discovery] motions were frivolous and [that] he should not submit a similar motion again." Second, he argues that the district court's failure to hold a hearing regarding sanctions before dismissing his case violated his right to due process. Third, he argues that the court abused its discretion by denying his motion for sanctions against New Horizons because New Horizons failed to produce certain information requested during discovery.

## I

We review for abuse of discretion a district court's dismissal of an action as a discovery sanction under Fed. R. Civ. P. 37 and we ascertain that the trial court's findings are "fully supported by the record." *National Hockey League v.*

*Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 2780-81, 49 L. Ed. 2d 747 (1976). "[A] finding is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (internal quotations omitted).

Rule 37 of the Federal Rules of Civil Procedure provides a district court with authority to impose sanctions, including dismissal, on a party for abuse of the discovery process. Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b)(2)(C) provides, in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . [a]n order . . . dismissing the action or proceeding or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C). "The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citation omitted).

"Dismissal with prejudice is the most severe Rule 37 sanction . . . [b]ut [it] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Id.* (citation omitted). Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith,

3

and (2) the district court finds that lesser sanctions would not suffice. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) ("Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) ("[W]here any other sanction would fail to cure the harm . . . , dismissal may be appropriate.").

At the same time, "[t]he [Supreme] Court in *National Hockey League* admonished the Courts of Appeal not to exhibit lenity even in the face of outright dismissal as a sanction for failure to comply with a discovery order because Rule 37 sanctions were designed not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Carlucci*, 775 F.2d at 1447 (internal quotations omitted).

After reviewing the record, we conclude that the district court did not abuse its discretion in dismissing Goodman's case with prejudice, pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, because the record shows no reason to believe that Goodman would comply with another order to cease filing frivolous motions.

The district court found that Goodman's failure to comply was "the direct

4

result of his deliberate intention *not* to cooperate." The district court's finding of willfulness is supported by the record. Goodman twice filed motions on grounds that the district court had previously dismissed. The district court twice addressed the parties in an attempt to resolve the discovery disputes, narrow Goodman's scope of discovery, and instruct Goodman on proper compliance with the Federal Rules of Civil Procedure.

The court's finding that lesser sanctions would not suffice is also supported by the record. The court specifically warned Goodman three times during a conference call regarding discovery that if he continued to file frivolous motions, the court would consider dismissing his case as a sanction. Goodman then filed a supplement to his previous motion for sanctions, in which he largely reiterated his previous arguments. Considering that Goodman disregarded several explicit warnings and instructions by the district court, it was reasonable for the district court to conclude that lesser sanctions would not deter him from further abusing the discovery process. Accordingly, the record shows that Goodman willfully did not comply with the district court's order to cease filing frivolous motions and that lesser sanctions would not suffice. Therefore, the district court properly exercised its authority to dismiss with prejudice under Rule 37, and we affirm.

II

Principles of due process require that a party have adequate notice of the consequences of the conduct for which he has been sanctioned. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 632, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962). "Every order entered without notice and a preliminary adversary hearing[, however,] does not offend due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Carlucci*, 775 F.2d at 1452 (quoting *Link*, 370 U.S. at 632, 82 S. Ct. at 1389). We have noted that where "misconduct was recognized by the [district] court on three separate occasions, there can be no question but that the due process requirement of adequate notice was met." *Id.* at 1452 n.11.

We conclude from the record that the district court's failure to hold a hearing regarding sanctions before dismissing his case did not violate Goodman's right to due process because, as noted above, the court explicitly warned Goodman several times that if he filed any additional frivolous discovery motions, the court might dismiss his complaint.

III

As an initial matter, "an appellate court does not have jurisdiction under the Article III 'case or controversy' provision of the United States Constitution to decide questions which have become moot by reason of intervening events. If later events preclude the grant of effective relief, the appeal must be dismissed as moot." *C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir. 1983) (citations omitted). Thus, to the extent that Goodman's motion for sanctions sought a discovery order or matter at trial, the dismissal of Goodman's case renders it moot. To the extent that the motion sought monetary reimbursement for costs Goodman incurred during discovery, the dismissal of Goodman's case does not render it moot.

However, the entry of a final judgment implicitly denies any pending motions. *See Chalwest (Holdings) Ltd. v. Ellis*, 924 F.2d 1011, 1012 (11th Cir. 1991) (holding that appellant's request for an evidentiary hearing was denied *sub silentio* by the district court's order of dismissal). We review the denial of a discovery order for abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). We will not disturb the district court's decision as long as it is within a range of reasonable choices and is not influenced by any mistake of law. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Rule 37 of the Federal Rules of Civil Procedure sets forth a fee shifting scheme for costs associated with discovery motions. *See* Fed.R.Civ.P. 37(a)(4). For motions to compel, the rule allows the court to assess reasonable costs and attorneys' fees against the non-prevailing party. *See* Fed.R.Civ.P. 37(a)(4)(A), (B).

The record demonstrates that the district court did not abuse its discretion by implicitly denying Goodman's motion for sanctions against New Horizons because, to the extent that the dismissal of the action did not render the issue moot, Goodman was not entitled to reimbursement for certain costs incurred during discovery. Specifically, the record does not indicate that there was a basis for the court to grant Goodman's motion for sanctions to the extent that he requested reimbursement for discovery expenses: Goodman failed to prevail on any of his discovery motions. The district court's decision not to sanction New Horizons was, therefore, within the range of choices available to the district court, and it did not abuse its discretion in implicitly denying Goodman's motion for sanctions. Accordingly, we affirm the judgment of dismissal.[1]

**AFFIRMED.**

---

[1] We note that Goodman also argues that the district court's post-judgment taxation of costs was improper. We do not have jurisdiction to review that issue, however, because Goodman failed to file a separate order of appeal following the district court's taxation of costs. *See LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir. 1998) (noting that because taxation of costs is a collateral issue to the final judgment, a separate order of appeal is required in order for this Court to have jurisdiction).