[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10649
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-24561-KMW

DAVID PROE,

Plaintiff-Appellant,

versus

FACTS SERVICES, INC.,
EBIX, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2012)

Before DUBINA, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant David Proe, a person over 40 years old, appeals from the district

court's grant of summary judgment in favor of FACTS Services, Inc., and Ebix, Inc. (collectively, "the employers"), on his claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a).  Before the district court, the evidence showed: (1) that Proe was 59 years old at the time of the alleged adverse employment action; (2) that his employers terminated him during a reduction-in-force ("RIF"); and (3) that the employers retained a substantially younger employee, in a position for which Proe was also qualified, because they considered the retained employee to be the better fit for the position.  On appeal, Proe argues that the district court erred in granting the employers summary judgment because he both established a *prima facie* case of age discrimination and demonstrated that the employers' legitimate, nondiscriminatory reasons for their adverse employment action were pretextual.  Moreover, he asserts that the district court erred in referencing the employers' expert's analysis in its order granting summary judgment without having ruled on his pending motion *in limine* to exclude the expert's testimony.

I.

We review *de novo* a district court's grant of summary judgment, drawing all inferences and reviewing all evidence in the light most favorable to the

2

non-moving party. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242-43 (11th Cir. 2001).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case and on which it bears the burden of proof at trial. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). We may affirm a district court's judgment based "on any ground that finds support in the record." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (internal quotation marks omitted).

The ADEA prohibits an employer from discriminating solely on the basis of age against an employee who is at least 40 years age. 29 U.S.C. §§ 623(a)(1), 631(a).

The FCRA prohibits discharging, or failing or refusing to hire, an individual based on age. Fla. Stat. § 760.10(1)(a). We analyze age discrimination claims brought under the FCRA within the same framework used to decide actions brought pursuant to the ADEA. *Zaben v. Air Prod. & Chem., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).

3

Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish a *prima facie* ADEA case through circumstantial evidence, using the framework established by the Supreme Court in *McDonnell Douglas*.[1]  *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990).

If a plaintiff establishes his *prima facie* case of age discrimination, and the defendant articulates a "legitimate, nondiscriminatory reason for the challenged employment action," the plaintiff must then establish pretext by proffering evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (*en banc*) (internal quotation marks omitted).  In so doing, the plaintiff may not recast the reason, attempt to "substitute his business judgment for that of the employer," or "simply quarrel[] with the wisdom of that reason," assuming the "reason is one that might motivate a reasonable employer."  *Id*. at 1030; *see also Rowell v. BellSouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005) (noting that "[i]t is by now axiomatic that we cannot second-guess the business decisions of an employer").

Rather, the plaintiff must show "such weaknesses, implausibilities,

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). However, even where a defendant offers "differing explanations" for an adverse employment action, pretext is not established if the reasons are not "necessarily inconsistent." *Zaben*, 129 F.3d at 1458.

Where a plaintiff attempts to show pretext by arguing that he was more qualified than another individual, he must show, in light of those superior qualifications, that "no reasonable person" would have selected the other candidate rather than the plaintiff. *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (internal quotation marks omitted). Moreover, an employer's proffered reason may be based on subjective qualities, so long as the employer "articulates a clear and reasonably specific factual basis upon which it based its subjective opinion." *Chapman*, 229 F.3d at 1033-34.

Finally, to prevail under the ADEA, a plaintiff must prove that age was the "but for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009).

Here, even if we assume *arguendo* that Proe established a *prima facie* case,

5

we conclude that the district court did not err in granting summary judgment in favor of the employers.  The employers advanced legitimate, nondiscriminatory reasons for their termination of Proe and failure to rehire him for the newly created position for which he was qualified.  Specifically, the acquisition of FACTS by Ebix necessitated a RIF, *see Tidwell v. Carter Prod.*, 135 F.3d 1422, 1426 (11th Cir. 1998), (employer offered RIF as legitimate, non-discriminatory reason for employee's termination) and the employers rehired another employee because they considered him the better fit.  Proe does not explain why no reasonable person would have chosen the other employee over him, but rather has simply challenged the employers' business judgment, arguing that he was more qualified for the position.  This is insufficient to establish pretext.  *See Springer*, 509 F.3d at 1349; *Chapman*, 229 F.3d. at 1024-25.  Moreover, contrary to Proe's assertion, the employers' proffered reasons for their action were not necessarily inconsistent, as they considered the value of positions in implementing the RIF, but performance issues in deciding whether to rehire Proe.  *See Zaben*, 129 F.3d at 1458.  Finally, for the same reasons that Proe did not show pretext, he also failed to establish that age discrimination was the "but for" cause of the adverse employment action, as required under *Gross*.

II.

6

We review a district court's rulings on the admissibility of evidence for an abuse of discretion, and we will reverse if the moving party establishes a substantial prejudicial effect. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1281 n.75 (11th Cir. 2008). Furthermore, "[t]he harmless error standard applies to erroneous evidentiary rulings." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994). Although a district court does not expressly rule on a party's pending motion, the entry of a final judgment against the party implicitly denies his motion. *See Chalwest (Holdings) Ltd. v. Ellis*, 924 F.2d 1011, 1012 (11th Cir. 1991) (holding that appellant's request for evidentiary hearing was denied *sub silentio* by district court's order of dismissal).

A district court has "broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue." *Fidelity Interior Constr., Inc. v. Se. Carpenters Reg'l Council of United Bros. of Carpenters and Joiners of Am.*, 675 F.3d 1250, 1258-59 (11th Cir. 2012). The federal rules of evidence authorize district courts to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

Here, we conclude from the record that the district court did not err in

referencing the employers' expert's analysis in its order without first ruling on Proe's motion *in limine*, as the district court's reference to the analysis does not necessarily indicate that the court relied on it.  Rather, the court reached its conclusion regarding summary judgment based on a lengthy consideration of other evidence not at issue in the motion, before noting simply that the employers had offered statistical evidence that the RIF was age-neutral.  Furthermore, to the extent Proe is asserting that the district court's implicit denial of his motion was in error, the expert's analysis tended to disprove a fact at issue, *see Fidelity Interior Constr., Inc.*, 675 F.3d at 1258-59, and Proe has offered only conclusory and unsupported statements that the expert's sample size was too small and the pool inappropriate.  In any event, any alleged error in the district court's implicit denial of the motion was harmless as to Proe, because the district court concluded that summary judgment should be granted without relying on the expert's analysis.

Based on the forementioned reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**