[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12846
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-14090-JEM

GLENN C. SMITH,

                                                            Petitioner-Appellant,

                              versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

     Glenn C. Smith, a Florida state prisoner proceeding *pro se*, appeals the

district court's denial of his 28 U.S.C. § 2241 habeas corpus petition.  In his

habeas petition, Smith raised sixteen grounds challenging the validity of three disciplinary reports on December 16 and 18, 2003, and on January 20, 2004, all of which resulted in the loss of gain time credits. Relevant to this appeal, Smith alleged that (1) he was denied due process when the written disciplinary decisions did not explain the reasons for finding the unsworn statements of prison officials more credible than Smith's testimony, and (2) the January 2004 disciplinary decision was legally insufficient because it failed to allege that Smith's actions affected the security and order of the prison.

The magistrate judge consolidated Smith's sixteen grounds into five issues, including: (1) whether there was sufficient evidence to support the disciplinary actions, and (2) whether Smith was improperly denied the right to present evidence and witnesses. The magistrate judge considered the unsworn statements of prison officials and concluded that, even if challenged by Smith and uncorroborated by other evidence, the statements constituted "some evidence" to support the disciplinary actions. Accordingly, the magistrate judge found that there was no reason for the disciplinary team to explain why it had given more weight to these statements because "some evidence" was consistent with due process requirements. The magistrate judge further noted that, given the content of the allegations levied against Smith in the disciplinary actions, Smith had not

shown that his request for witnesses and evidence would overcome the burden on prison staff and safety concerns. The magistrate judge then rejected any other claims not specifically addressed as lacking merit.

After considering Smith's objections to the magistrate judge's report, the district court adopted the magistrate judge's report and denied Smith's habeas petition. Smith requested a certificate of appealability (COA), which the district court denied. We then granted a COA on the following issue only:

> Whether, in light of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), the district court was required to address all of the claims raised in Smith's habeas corpus petition filed pursuant to 28 U.S.C. § 2241;
>
> If so, whether the district court's order should be vacated and remanded because it failed to address Smith's claims that he was deprived of due process because the disciplinary hearing teams' written statements (1) failed to explain why the correctional officers' written statements were more credible than Smith's testimony and (2) failed to state that Smith's disrespectful remarks were made in a context that affected the security and order of the prison.

We review issues of law presented in a COA *de novo*. *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003). Under *Clisby*, the district court must resolve all claims raised in a habeas corpus petition, whether relief is granted or denied.[1] 960 F.2d at 935-36. A "claim for relief" is defined as "any allegation of

---

[1] Smith is in custody pursuant to the judgment of a state court. Therefore, Smith's § 2241 petition was subject to § 2254, and the district court was required to comply with *Clisby*.

a constitutional violation." *Id.* at 936. When a district court fails to address all of the claims in a habeas corpus petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

Where a prison disciplinary hearing may result in the loss of good time credits, a prisoner is entitled to certain due process rights, including (1) a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken, and (2) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Due process also requires a prison disciplinary team's decision to be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985). Thus, courts are not required to examine the entire record, independently assess witness credibility, or weigh the evidence. Rather, we will uphold the decision if there is any evidence in the record to support the conclusion reached by the disciplinary team. *Id.* at 455-56.

---

*See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying law to § 2254 petition); *Medberry*, 351 F.3d at 1054 (explaining that all applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ-to both federal and state prisoners, and that most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254 if they are "in custody pursuant to the judgment of a State court").

Reviewing the record here, we conclude that the district court complied with *Clisby*. The magistrate judge's conclusion that "some evidence" included unsworn statements by officers addressed Smith's fundamental argument concerning the disciplinary teams' explanation of the evidence it used to support their decisions. Additionally, the magistrate judge's conclusion that the disciplinary team's decision was supported by "some evidence" addressed Smith's fundamental argument that the team's decision was legally insufficient, as courts do not assess the sufficiency of the evidence. Finally, the magistrate judge considered the content of disciplinary reports and determined that Smith had not shown that his request to present witnesses was more pressing than the need to ensure prison security and safety. Accordingly, because the district court complied with *Clisby*, we affirm the denial of Smith's habeas corpus petition.

**AFFIRMED.**