BLD-066                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3404
_____

WILSON GORRELL,
                              Appellant

v.

JOHN YOST, Warden, FCI Loretto; MICHAEL STEWART, Associate
Warden, FCI Loretto; JACK MARQUIS, Supervisor of Education, FCI Loretto;
DOUG AUMAN, Unit Manager, FCI Loretto; CHRIS BRODMERKEL, Case
Manager, FCI Loretto; BRYCE BURGET, Case Manager Coordinator, FCI Loretto;
MARIA BLANCA RODRIGUEZ-SCHRAMM; BIRGET; O'DONNELL; SMOGYE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:11-cv-00013)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2012

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: January 11, 2013)

_____

OPINION
_____

PER CURIAM

Wilson Gorrell, a federal inmate currently incarcerated at FCI Jesup in Jesup, Georgia and proceeding pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing with prejudice his complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971). Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In submissions to the District Court, Gorrell alleges that while incarcerated at FCI Loretto in Loretto, Pennsylvania, Associate Warden Stewart and Supervisor Marquis, under Warden Yost's supervision, had his prison work assignment as an orderly changed from morning watch to day watch in retaliation for his administrative grievances complaining about the policy governing access to the law library bathroom. According to Gorrell, this change limited the amount of time he could use to access the law library. He further asserts that after he filed an administrative tort claim challenging the renewal of his Management Variable ("MGTV") of Greater Security, various staff members conspired to have the MGTV reapplied to his case and to have him transferred to FCI Jesup in retaliation for filing his claim. Gorrell also claims that he was transferred to interfere with his ability to litigate his habeas petition filed pursuant to 28 U.S.C. § 2241. Finally, Gorrell alleges that after his transfer to FCI Jesup,

mailroom staff at FCI Loretto opened his legal mail and failed to forward it to him or withheld his mail from him completely. Gorrell also asserts that these actions violated his Fifth Amendment due process rights and his Eighth Amendment right to be free from arbitrary punishment.

Gorrell filed his Bivens complaint on January 14, 2011 and subsequently filed a supplemental complaint detailing his legal mail claim on May 16, 2011. Appellees filed motions to dismiss on September 19, 2011 and October 25, 2011. On July 18, 2012, a Magistrate Judge recommended that the motions to dismiss be granted and that Gorrell's complaint be dismissed without further leave to amend. On August 13, 2012, the District Court adopted the Magistrate Judge's recommendation and dismissed Gorrell's complaint. Gorrell then timely filed his notice of appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "A Bivens action, which is the federal equivalent of the § 1983 cause of

3

action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

Gorrell first asserts two separate claims of retaliation in his complaint. He alleges that staff at FCI Loretto retaliated against him for filing administrative grievances by changing his work assignment from morning watch to day watch. Second, he argues that staff retaliated against him for filing an administrative tort claim by reapplying the MGTV designation to his case and transferring him to FCI Jesup.[1]

To sustain a retaliation claim under Bivens, an inmate must demonstrate that (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); see also Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). With respect to the required causal link, if the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in the decision to discipline, the defendant then has the

---

[1] Although the defendants argued that Gorrell had failed to exhaust his administrative remedies for this claim, the District Court chose to dismiss his claim without resolving the issue of exhaustion. See 42 U.S.C. § 1997e(c)(2); Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) (stating that exhaustion under the Prison Litigation Reform Act ("PLRA") is not a jurisdictional requirement).

4

burden of showing that the same disciplinary action would have been taken even in the absence of the protected activity.  See Rauser, 241 F.3d at 334.

While Gorrell's litigation activities qualify as protected conduct, see Milhouse v. Carlson, 652 F.3d 371, 373-74 (3d Cir. 1981), we agree with the District Court that he has failed to allege a prima facie case of retaliation for either of his claims.  He retained the ability to access the law library during evenings and weekends after his work assignment change to day watch.  The fact that Gorrell was able to file not only administrative grievances but his § 2241 petition after being assigned to day watch demonstrates that the shift "was [not] sufficient to deter [him] from exercising his [constitutional] rights."  Allah, 229 F.3d at 225 (alterations in original) (internal quotation marks omitted).

Furthermore, evidence in the record establishes that staff at FCI Loretto requested approval to renew Gorrell's MGTV in August 2008, approximately five months before he filed his administrative tort claim.  On December 18, 2009—**after** Gorrell had already filed his tort claim—staff at FCI Loretto requested a lesser security transfer to FCI Morgantown for Gorrell because of his good adjustment to FCI Loretto and participation in programs.  However, the Bureau of Prisons' Designation and Sentence Computation Center ("DSCC") declined to follow FCI Loretto's recommendation and reapplied the MGTV because of Gorrell's history of absconding from bail.  Staff at FCI Jesup then requested a renewal of the MGTV, which was approved by the DSCC. Additionally, Gorrell's tort claim was not referred to FCI Loretto for investigation until February 24,

5

2010. While reapplication of the MGTV can be construed as adverse action because it prevented Gorrell from being transferred to a lesser security facility, the record establishes that staff at FCI Loretto did not request reapplication of the MGTV because of Gorrell's administrative tort claim. Instead, this action would have been taken even if Gorrell had not filed his claim, see Rauser, 241 F.3d at 334; therefore, the District Court appropriately dismissed this claim.

Next, Gorrell asserts that his right to access the courts was violated because he was transferred to FCI Jesup to interfere with his ability to litigate his § 2241 petition.[2] To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim. Lewis v. Casey, 518 U.S. 343, 352-54 (1996). Moreover, the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Id. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). However, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). While Gorrell's § 2241 petition was eventually dismissed, he did not lose the ability to litigate his petition after his transfer

---

[2] Again, although the defendants argued that Gorrell had not exhausted this claim, the District Court chose not to address the issue of exhaustion.

6

because he was able to file a reply and other correspondence. Accordingly, because the District Court retained jurisdiction over Gorrell's § 2241 petition, it properly dismissed this claim.

In his supplemental complaint, Gorrell claims that after his transfer to FCI Jesup, mailroom staff at FCI Loretto interfered with his legal mail by either deliberately withholding it or opening it and failing to forward it to him. To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. These allegations must be made with appropriate particularity. Id. Although Gorrell names mailroom officers Birget, O'Donnell, and Smogye as defendants, nothing in the record shows that they personally committed the alleged acts. Gorrell asserts that they are responsible for the daily operations of the mailroom; however, this is insufficient to establish personal liability. Accordingly, the District Court properly dismissed Gorrell's claim regarding his mail.

Finally, Gorrell asserts that his job assignment shift, the reapplication of the MGTV designation, and his transfer violated his Fifth Amendment due process and Eighth Amendment rights. While certain fundamental rights are protected by due process, see White v. Napoleon, 897 F.2d 103, 111 (3d Cir. 1990), "[p]risoners have no constitutional right to . . . jobs," Rhodes v. Chapman, 452 U.S. 337, 348 (1981).

7

Accordingly, Gorrell had no constitutional right to remain in his morning watch assignment. Furthermore, Gorrell has no constitutionally protected liberty interest under due process in prison transfers. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983). Finally, the Eighth Amendment is inapplicable to Gorrell's claims because he has not suffered any interference with his health or basic needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.[3] See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Accordingly, we grant Appellees' motion for summary action.

---

[3] The District Court did not provide Gorrell leave to amend his complaint before dismissing it with prejudice. We conclude that the District Court did not err in declining to allow Gorrell an opportunity to amend because we do not see how any amendment to his complaint would save his claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that courts should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").