[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13322
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00213-LGW-JEG

WILSON GORRELL,

                                                            Petitioner-Appellant,

versus

WARDEN SUZANNE HASTINGS,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 24, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Wilson Gorrell, a *pro se* prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition for habeas relief.  According to Mr. Gorrell, the Federal Bureau of Prisons violated his due process rights when it disciplined him following a positive drug test, and unlawfully discriminated against him during his disciplinary proceedings because he is HIV-positive.  On appeal, he claims that the district court erroneously (1) concluded that his discrimination-based claims were inappropriately raised in a § 2241 petition; (2) concluded that the BOP satisfied its procedural due process obligations regarding notice and a hearing; (3) denied his subpoena request; and (4) failed to review the merits of his due process claim regarding entitlement to consideration of certain toxicology results at his disciplinary hearing.  We address each of Mr. Gorrell's claims below.

I.

We review *de novo* the district court's denial of habeas relief under § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004).  Mr. Gorrell first contends that the court erred in rejecting his claims that the BOP's actions amounted to unlawful discrimination on the basis of his disability (HIV-positive), in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701(a)-(c), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

A § 2241 habeas petition is the appropriate vehicle to bring challenges to the execution of sentence.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351

n.1 (11th Cir. 2008). Importantly, there is a "line of demarcation" between habeas claims and civil rights claims. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (comparing 28 U.S.C. § 2254 habeas claims and civil rights claims). So, when an inmate raises a challenge to the "circumstances of his confinement" rather than the execution of his sentence, the claim should be brought in a civil rights action rather than a habeas petition. *See id.*

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Similarly, the ADA prohibits a "public entity" from discriminating against "a qualified individual with a disability" on account of the individual's disability. 42 U.S.C. § 12132. Here, the district court did not err in rejecting Mr. Gorrell's Rehabilitation Act and ADA claims as improperly asserted in his § 2241 petition. Mr. Gorrell's § 2241 petition correctly raised his challenge to the BOP's execution of his sentence, particularly the removal of good-conduct time and visiting privileges. But, the claims for relief under the Rehabilitation Act and ADA concerned not the execution of the sentence, but instead asserted that BOP officials unlawfully took action against Mr. Gorrell on the basis of his disability. Independent civil causes of action exist to

3

remedy that alleged discrimination, so the district court did not err in ruling that Gorrell's Rehabilitation Act and ADA claims were inappropriately raised here. Accordingly, we affirm as to these claims. Mr. Gorrell, of course, is free to assert these claims in a separate action.

## II.

Mr. Gorrell also argues that he did not receive adequate notice and a hearing during the BOP proceedings, and that he was entitled to such process owing to the "atypical and significant hardship" he endured as a result of the BOP's actions.[1] We have explained that "[d]etermining whether one was deprived of liberty presents a unique challenge with prisoners, who are already deprived of their liberty in the ordinary understanding of the word." *Kirby v. Siegelman*, 195 F.3d 1285, 1290 (11th Cir. 1999). Procedural safeguards are owed, however, if a prisoner is subjected to a change in the conditions of confinement "so severe that it essentially exceeds the sentence imposed by the court," or if a prisoner is deprived of some consistently bestowed benefit, such as good-time credits, that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents

---

[1] Mr. Gorrell also suggests that his initial drug test, out of which the instant case arose, may have been administered in retaliation for a related case he filed in the Third Circuit. *See Gorrell v. Yost*, No. 12-3404, 509 F. App'x 114 (3d Cir. Jan. 11, 2013). Because Mr. Gorrell did not raise this claim before the district court, it was waived. *See Adkins v. Warden, Holman CF*, 710 F.3d 1241, 1247 (11th Cir. 2013) (holding that the state waived an argument raised for the first time in supplemental briefing on appeal because it had not raised the argument before the district court or in its initial brief).

of prison life." *Id.* at 1291 (citing *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974)).

In *Wolff*, the Supreme Court set out the hearing procedures that must be satisfied to meet the standards of due process in the prison setting. *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. According to *Wolff,* prisoners must receive (1) advance written notice of the charges against them; (2) an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-67, 94 S. Ct. at 2978-80.

In *Sandin v. Conner*, 515 U.S. 472, 484-85, 115 S. Ct. 2293, 2300-01, 132 L. Ed. 2d 418 (1995), the Supreme Court clarified that the *Wolff* procedural protections are owed if the state imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," though it did not elaborate on what hardships would qualify. In *Kirby*, however, we noted that the deprivation of good-time credits qualifies as an "atypical and significant hardship." *Kirby*, 195 F.3d at 1291.

In light of these principles, the district court's ruling on Mr. Gorrell's due process claims was sound. As an initial matter, it is undisputed that Mr. Gorrell was deprived of good-time credits as a result of the disciplinary hearing officer's

("DHO") findings, so he was entitled, under *Wolff* and *Kirby*, to procedural due process safeguards. *Wolff*, 418 U.S. at 558, 94 S. Ct. at 2976; *Kirby*, 195 F.3d at 1291. *Wolff* clearly provided that procedural protections are due when an inmate is deprived of good-time credits, and *Kirby* clarified that such deprivation itself is a qualifying hardship. *Wolff*, 418 U.S. at 558, 94 S. Ct. at 2976; *Kirby*, 195 F.3d at 1291. The BOP did not violate those safeguards, however, as the record shows that Mr. Gorrell was given advance written notice of the charge against him, that he was granted an opportunity to call witnesses and present documentary evidence—and in fact, presented such evidence—and, finally, that he was issued a written statement by the DHO outlining the evidence relied on, its reasoning, and its findings. Mr. Gorrell was even given some protection not mandated by *Wolff*, such as the right to staff assistance at the disciplinary hearing. Therefore, we affirm the district court's ruling as to these claims.

## III.

Next, Mr. Gorrell argues that the court erred in denying his request for leave to file a civil subpoena to obtain the actual toxicology results underlying his positive drug-test. We disagree.

A habeas petitioner is generally "not entitled to discovery as a matter of ordinary course," but evidence may be obtained upon showing "good cause." *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006). *See* Rule 6(a) of the Rules

Governing § 2254 Cases ("A party shall be entitled to invoke processes of discovery available under Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."); Rule 1(a) of the Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a [§ 2241] habeas corpus petition.").    "[G]ood cause for discovery cannot arise from mere speculation." *Arthur*, 459 F.3d at 1311.

A claim must be dismissed as moot if the issue presented is no longer "live," such that the courts cannot grant meaningful relief. *See*, *e.g.*, *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). When a district court does not expressly rule on a party's pending motion, the entry of a final judgment against the party, as a general matter, implicitly denies that motion. *See Chalwest (Holdings) Ltd. v. Ellis*, 924 F.2d 1011, 1012 (11th Cir. 1991) (holding that appellant's request for evidentiary hearing was denied *sub silentio* by district court's order of dismissal).

Here, Mr. Gorrell's complaint regarding the district court's denial of his motion for leave to file a civil subpoena is moot because he has admitted receiving the report at issue after filing a separate civil action against the testing laboratory—indeed, he has attached that report to his brief to this Court. In any case, the district court did not abuse its discretion in denying Mr. Gorrell's motion because

7

he asserted only that the documents sought were exculpatory, but "mere speculation" alone does not satisfy the "good cause" necessary to obtain habeas discovery. *See Arthur*, 459 F.3d at 1311. We affirm the district court's denial of Mr. Gorrell's subpoena request.

## IV.

Lastly, Mr. Gorrell argues that the district court failed to address his contention, *See* D.E. 1 at 26, that he was entitled to have the DHO consider the actual toxicology results at his disciplinary hearing, in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*). On this point, we agree with Mr. Gorrell.

In *Clisby*, we "instruct[ed] the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 . . . regardless whether habeas relief is granted or denied." *Clisby*, 960 F.2d at 936. A "claim for relief" is defined as "any allegation of a constitutional violation." *Id.* When a district court fails to address all of the claims in a habeas petition, we will "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938. Later, in an unpublished case, we extended *Clisby* to cover petitions filed pursuant to § 2241. *See Smith v. Sec'y, Fla. Dep't of Corr.*, 432 F. App'x 843, 844-45, n.1 (11th Cir. 2011) (unpublished).

The district court did not comply with *Clisby*. In a report, the magistrate judge reasoned that Mr. Gorrell's due process rights were not violated because the

DHO considered all of the exculpatory evidence that was presented at the disciplinary hearing, but the magistrate did not consider Mr. Gorrell's claim that he had a due process entitlement to review of the actual toxicology results.  Mr. Gorrell objected to the magistrate judge's conclusion, but the district court did not directly the address the claim on review.  Instead, the district court concluded that Mr. Gorrell received the due process he was owed because the DHO "considered all evidence *presented* at the disciplinary hearing."  Notably, however, the court did not address or resolve the question whether the BOP or DHO had obligations with respect to evidence not presented at the hearing, such as the actual toxicology results.  Because the court did not address Mr. Gorrell's claim that he was entitled to a review of the actual toxicology results underlying his positive drug test, we vacate and remand for the limited purpose of resolving this claim.*

**AFFIRMED IN PART, VACATED IN PART WITHOUT PREJUDICE AND REMANDED WITH INSTRUCTIONS.**

---

* We express no view on the merits of this claim.

9